**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CASE:  1:19-cv-02323-KMT

CARLOS BRITO,

        Plaintiff,

v.

CHAPEL HILLS REALTY LLC,
a Colorado Limited Liability Company; CHAPEL
HILLS CH LLC, a Colorado Limited Liability
Company; and CHAPEL HILLS NASSIM LLC, a
Colorado Limited Liability Company

        Defendant.

---

**PLAINTIFF'S SECOND MOTION FOR STAY OF ACTION AND ENLARGEMENT OF
TIME & INCORPORATED MEMORANDUM OF LAW**

---

Plaintiff CARLOS BRITO and Defendants, CHAPEL HILLS REALTY LLC, CHAPEL

HILLS CH LLC, and CHAPEL HILLS NASSIM LLC by and through Plaintiff's undersigned

counsel and Defendants' principals and general counsel, hereby submit this Motion for Stay of

Action for fifteen (15) days in the present action in order to allow the parties the opportunity to

come to an agreement on any ADA remediations and a plan for implementing any remediation,

and in support thereof, state as follows:

1.      This lawsuit involves allegations of violations of the Americans with Disabilities

Act ("ADA") at a property owned and operated by CHAPEL HILLS REALTY LLC, CHAPEL

HILLS CH LLC, and CHAPEL HILLS NASSIM LLC ("Defendant").

2.      A Rule 34 Inspection has been completed and a report has been provided by

Plaintiff's counsel to Defendant's counsel and the parties have been discussing a remediation plan

and global settlement in earnest and in good faith.

3.      The process has taken longer than initially estimated because of the size of the

commercial property involved.  To that end, the parties ask that the Court understand that any

remediation plan the parties may agree to, however, depends upon an agreement on the scope of

1

work, if any, which must be completed in order to ensure that the property is in compliance with the ADA.

4.    As such, in the interest of judicial economy and the parties' interest in resolving this matter, the parties request that the Court grant a stay of this action up to, and including, March 31, 2020 and enlarge all pending deadlines by a period of seven (7) days from the date upon which the stay is lifted, if ever.

5.    On or before March 31, 2020, the parties will report to the Court whether the parties have concluded the settlement, whether additional time is needed to finalize the settlement or whether settlement has fallen through.

6.    The parties submit that this Motion is made in good faith and not for the purpose of delay.

## MEMORANDUM OF LAW

The inherent discretionary power to stay the proceedings in a civil case in order to manage its docket is well-recognized. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (acknowledging that the "[p]ower to stay proceedings is incidental to the power inherent in every court to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). "So long as a stay does not prove 'immoderate' – that is to say, too long, too indefinite, or without proper justification – the decision to stay is bounded only by the district court's discretion." *Niaccf, Inc. v. Cold Stone Creamery*, No. 12 -20756, 2012 WL 1852941, at *1 (S.D. Fla. May 21, 2012). "Federal courts may exercise their discretion to stay proceedings when a stay would promote judicial economy and efficiency." *200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 2011 WL 2470344, at *15 (S.D. Fla. June 21, 2011). Moreover, the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Here, this Court should exercise its inherent discretionary power to stay this matter, in order to avoid judicial waste while the parties finalize a remediation plan as to this Defendant and

potentially a settlement agreement. *See 200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 2011 WL 2470344, at \*15 ("[a] stay would result in savings to the parties and the Court"). As such, the parties request that this Court grant a stay of this action up to, and including February 3, 2020, staying all deadlines.

WHEREFORE, Plaintiff CARLOS BRITO respectfully requests that this Honorable Court enter an Order: (i) granting the Plaintiff's instant motion; (ii) staying all deadlines until February 3, 2020; (iii) enlarging all pending deadlines by a period of seven (7) days from the date upon which the stay is lifted; and (iv) granting such other and further relief as this Court deems just and proper.

### CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1

Pursuant to Fla. L. R. 7.1(a)(3)(A), the undersigned counsel certify that they agree to the relief sought in this Motion.

Respectfully Submitted,

/s/ *Anthony J. Perez*
ANTHONY J. PEREZ

GARCIA-MENOCAL & PEREZ, P.L.
1600 Broadway
Denver, Colorado 80202
Telephone: (303) 386-7208
Facsimile (305) 386-7208
ajperez@lawgmp.com
*Attorney for Plaintiff Doug Longhini*

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 16th, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing documents is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.


/s/ /s/ *Anthony J. Perez*___
ANTHONY J. PEREZ